IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN S. RILEY, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:07-CV-416-Y |
| § | (Consolidated with No. 4:07-CV-417-A) |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner John S. Riley, TDCJ # 1261779, was a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in a pre-parole release facility in Mineral Wells, Texas, when this petition was filed. He has since been released from that facility and resides at 3363 Her 3026, Hubbard, Texas, 76648.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

1

## C. Factual and Procedural History

Riley was serving two five-year sentences for his September 20, 2004, convictions for bail jumping and felony driving while intoxicated (DWI) in the 66th Judicial District Court of Hill County, Texas. (2State Habeas R. at 12; 3State Habeas R. at 17.) Riley did not directly appeal his convictions or sentences. (Petitions at 3.) He did, however, seek state postconviction habeas corpus relief. He attempted to file his first state habeas application on April 5, 2006, but the Texas Court of Criminal Appeals dismissed the application for noncompliance with the Texas Rules of Appellate Procedure. *Ex parte Riley*, Application No. WR-65,270-01, at cover; TEX. R. APP. P. 73.1 & 73.2 Riley successfully filed his second and third state applications. The second, filed on April 24, 2006, challenging his bail jumping conviction, was denied without written order by the Texas Court of Criminal Appeals on July 26, 2006. *Ex parte Riley*, Application No. WR-65,270-02, at cover. On September 25, 2006, Riley filed two more state applications. The application challenging his DWI conviction was denied without written order by the Texas Court of Criminal Appeals on December 20, 2006. *Ex parte Riley*, Application No. WR-65,270-03, at cover. The application challenging his bail jumping conviction for the second time was dismissed as successive. *Ex parte Riley*, Application No. WR-65,270-04, at cover. Riley filed these federal petitions for habeas corpus relief, one for each conviction, in this court on July 12, 2007, and the actions were consolidated by court order.

## D. Statute of Limitations

Quarterman asserts that Riley's petitions for writ of habeas corpus should be dismissed with prejudice as time-barred. (Resp't Preliminary Resp. at 3-6.)

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, the judgments of conviction became final upon expiration of the time that Riley had for filing timely notices of appeal on October 20, 2004. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, Riley had one-year thereafter, or until October 20, 2005, within which to file a timely federal petition(s) for habeas

---

[1] There are no allegations that the state imposed an unconstitutional impediment to the filing of Riley's petitions for federal relief, that the Supreme Court has announced a new rule(s) applicable to Riley's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

relief, absent any applicable tolling.

His state habeas applications filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Riley replied to Quarterman's preliminary response or otherwise alleged and demonstrated exceptional circumstances that prevented him from filing timely petitions to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Mere ignorance of the law does not justify equitable tolling. (Petition in 4:07-CV-417-A, at 8.) *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Riley's federal petitions were due on or before October 20, 2005; thus, his petitions filed on July 12, 2007, were filed beyond the limitations period and are, therefore, untimely.

## II. RECOMMENDATION

Riley's petitions for writ of habeas corpus should be DISMISSED with prejudice as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions,

and recommendation until December 4, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 4, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 13, 2007.

     /s/ Charles Bleil  
     CHARLES BLEIL  
     UNITED STATES MAGISTRATE JUDGE